AEE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY JOHN'S ENTERPRISES, LLC, a Delaware limited liability company JIMMY JOHN'S FRANCHISE, LLC, a Delaware limited liability company, | ) ) ) ) ) | **FILED** **DECEMBER 28, 2007** MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |
| Plaintiffs, | ) ) | Case No.   **07 C 7286** |
| v. | ) ) | |
| YNOT ADVERTISING, LLC, a Pennsylvania Limited Liability Company | ) ) ) | **JUDGE GETTLEMAN MAGISTRATE JUDGE NOLAN** |
| Defendant. | ) ) | |

### COMPLAINT

Plaintiffs Jimmy John's Enterprises, LLC and Jimmy John's Franchise, LLC (collectively referred to hereinafter as "Jimmy John's") complains against Defendant YNot Advertising, LLC, as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Jimmy John's Enterprises, LLC is a Delaware limited liability company with its principal place of business located in Champaign, Illinois.

2.    Jimmy John's Franchise, LLC is a Delaware limited liability company with its principal place of business located in Champaign, Illinois.

3.    YNot Advertising, LLC ("YNot") is a Pennsylvania limited liability company with its principal place of business located in Baltimore, Maryland.

4.    On information and belief, YNot operates numerous Websites, including, but not limited to: www.Chompmenus.com; www.Btownmenus.com; www.Eatblue.com; www.Sloopymenus.com; www.Lionmenus.com; www.Cockymenus.com;

www.Volmenus.com; www.Dubvmenus.com and Wildcatmenus.com (collectively, the "Websites").

5.    The Websites list menus for a number of restaurants offering food delivery services in various states and cities across the United States.

6.    On several of the Websites, including www.Lionmenus.com, consumers place orders through the Websites and the orders are transmitted by YNot to the restaurants for delivery to, or pick-up by, the consumer. On numerous other of the Websites, consumers view the Jimmy John's menu and are provided a phone number to call to place an order.

7.    Jurisdiction in this matter is proper under 28 U.S.C. §§ 1331 and 1338 (a) and (b) and 15 U.S.C. § 1116(a).

8.    Personal jurisdiction is proper under the Illinois Long Arm Statute (735 ILCS 5/2-209) because, on information and belief, YNot transacts business in the State of Illinois.

9.    Venue is proper under 28 U.S.C. § 1391(b).

## COMMON FACTS

10.    Jimmy John's Enterprises, Inc., the predecessor in interest of Jimmy John's Enterprises, LLC, was incorporated in 1984. Under the leadership of its President and owner Jimmy John Liautaud, Jimmy John's commenced operations in Charleston, Illinois. Jimmy John's sandwich shop was designed to provide an inherently distinctive menu and inherently distinctive sandwiches.

11.    Over time, Jimmy John's opened additional Jimmy John's sandwich shop locations and the Jimmy John's stores became successful.

12.     Jimmy John's Enterprises, Inc. founded Jimmy John's Franchise, Inc., the
predecessor in interest of Jimmy John's Franchise, LLC, in April, 1993 to
facilitate the sale and servicing of franchises for Jimmy John's locations
throughout the United States and internationally.  Jimmy John's Enterprises,
LLC licenses the right to use Jimmy John's trade dress, trademarks, copyrights,
service marks and methods of operation to Jimmy John's franchisees.  In 1993,
Jimmy John's commenced its franchise operations.

13.     With its distinctive and readily distinguishable and readily recognizable trade
dress, service marks, trademarks, and methods of operation, beginning in 1993
Jimmy John's was able to offer Jimmy John's sandwich shop franchises for a
substantial fee to others under strict quality control provisions, including
prohibitions against alteration or modification, in any way, of the trade dress,
trademarks, copyrights, service marks, or methods of operation.

14.     Since 1993, Jimmy John's has actively marketed its franchise services.  At this
time, Jimmy John's has approximately six hundred and five (605) existing
locations in thirty five (35) states across the country with many more additional
franchises that are either sold or under development.  There are approximately
ninety (90) franchises in and around the Chicago metropolitan area.

15.     Since 1993, Jimmy John's has continuously promoted "Jimmy John's" and its
various advertising vehicles throughout the United States as service
marks/trademarks in interstate commerce to identify its franchises and to
distinguish itself from numerous other restaurants.

3

16.      Jimmy John's various advertising vehicles and virtually all of Jimmy John's sandwich names are protected as trademarks.

17.      On or about July 21, 1992, Jimmy John's was issued the Federal Trademark for the mark "The Original Jimmy John's Approved by Mamas Great Stuff Super Seal World's Greatest Gourmet Sandwich Shop." United States Registration No. 1,702,263. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

18.      On or about April 2, 2002, Jimmy John's was issued the Federal Trademark for the mark "Jimmy John's." United States Registration No. 2,555,213. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

19.      On or about July 6, 2004, Jimmy John's was issued the Federal Trademark for the mark "Jimmy John's World's Greatest Gourmet Sandwiches Since 1983 Super Seal Great Stuff Approved by Mamas." United States Registration No. 2,860,624. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

20.      On or about November 29, 2005, Jimmy John's was issued the Federal Trademark for the mark "Jimmy John's JJ Since 1983 World's Greatest Gourmet Sandwiches." United States Registration No. 3,020,392. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

21.      On or about October 24, 2006, Jimmy John's was issued the Federal Trademark for the mark "JJ." United States Registration No. 3,161,573. A true and

accurate copy of the registration information is attached hereto as Group Exhibit A.

22.     On or about February 19, 2002, Jimmy John's was issued the Federal Trademark for the name of its sandwich, the "Country Club." United States Registration No. 2,540,307. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

23.     On or about October 26, 2004, Jimmy John's was issued the Federal Trademark for the name of its sandwich, the "Big John." United States Registration No. 2,897,446. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

24.     On or about February 19, 2002, Jimmy John's was issued the Federal Trademark for the name of its sandwich, the "The Pepe." United States Registration No. 2,540,299. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

25.     On or about December 12, 2004, Jimmy John's was issued the Federal Trademark for the name of its sandwich, the "Turkey Tom." United States Registration No. 2,665,597. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

26.     On or about May 27, 2003, Jimmy John's was issued the Federal Trademark for the name of its sandwich line, the "Plain Slims." United States Registration No. 2,719,289. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

27.    On or about March 12, 2002, Jimmy John's was issued the Federal Trademark

for the name of its sandwich, the "The Beach Club." United States Registration

No. 2,547,126.  A true and accurate copy of the registration information is

attached hereto as Group Exhibit A.

28.    On or about February 3, 2003, Jimmy John's was issued the Federal Trademark

for the name of its sandwich, the "The Bootlegger Club." United States

Registration No. 2,682,561.  A true and accurate copy of the registration

information is attached hereto as Group Exhibit A.

29.    On or about February 19, 2002, Jimmy John's was issued the Federal Trademark

for the name of its sandwich, the "Hunter's Club." United States Registration

No. 2,540,308.  A true and accurate copy of the registration information is

attached hereto as Group Exhibit A.

30.    On or about October 26, 2004, Jimmy John's was issued the Federal Trademark

for the name of its sandwich, the "The J.J. Gargantuan."  United States

Registration No. 2,897,447.  A true and accurate copy of the registration

information is attached hereto as Group Exhibit A.

31.    On or about October 17, 2006, Jimmy John's was issued the Federal Trademark

for the name of its sandwich, the "Vito."  United States Registration No.

3,155,947.  A true and accurate copy of the registration information is attached

hereto as Group Exhibit A.

32.    On or about February 10, 2004, Jimmy John's was issued the Federal Trademark

for the name of its sandwich, the "J.J.B.L.T."  United States Registration No.

2,812,634. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

33.    On or about August 6, 2002, Jimmy John's was issued the Federal Trademark for the name of its sandwich, the "The Billy Club." United States Registration No. 2,604,292. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

34.    On or about February 19, 2002, Jimmy John's was issued the Federal Trademark for the name of its sandwich, the "Italian Night Club." United States Registration No. 2,540,309. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

35.    On or about December 31, 2002, Jimmy John's was issued the Federal Trademark for the name of its sandwich, the "Gourmet Veggie Club." United States Registration No. 2,668,198. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

36.    On or about December 12, 2003, Jimmy John's was issued the Federal Trademark for the name of its sandwich, the "Club Tuna." United States Registration No. 2,655,889. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

37.    On or about February 17, 2004, Jimmy John's was issued the Federal Trademark for the name of its sandwich, the "Club Lulu." United States Registration No. 2,814,731. A true and accurate copy of the registration information is attached hereto as Group Exhibit A.

7

38.     On or about September 12, 2006, Jimmy John's was issued the Federal

        Trademark for the name of its sandwich line, the "Unwich." United States

        Registration No. 3,143,188. A true and accurate copy of the registration

        information is attached hereto as Group Exhibit A.

39.     The Trademarks, including The Original Jimmy John's Approved by Mamas

        Great Stuff Super Seal World's Greatest Gourmet Sandwich Shop, Jimmy

        John's, Jimmy John's World's Greatest Gourmet Sandwiches Since 1983 Super

        Seal Great Stuff Approved by Mamas, Jimmy John's JJ Since 1983 World's

        Greatest Gourmet Sandwiches, JJ, The Country Club, Big John, The Pepe,

        Turkey Tom, Plain Slims, The Beach Club, The Bootlegger Club, Hunter's Club,

        The J.J. Gargantuan, Vito, J.J.B.L.T., The Billy Club, Italian Night Club,

        Gourmet Veggie Club, Club Tuna, Club Lulu, and Unwich are collectively

        referred to herein as the "Trademarks."

40.     Jimmy John's has given notice of its registration of the Trademarks by

        displaying with the Trademarks the appropriate symbol ®.

41.     Jimmy John's is the owner of the Trademarks.

42.     Jimmy John's menu and the composition of the words thereon are protected as

        copyrights.

43.     On or about January 31, 1986, Jimmy John's published its menu (the "Menu")

        and on May 20, 1991, it was registered with the United States Copyright Office

        under registration number TX-3-134-583. Subsequently, Jimmy John's modified

        its menu by publication on January 1, 1997, registered with the United States

        Copyright Office as TX-6-202-821 and on January 1, 2002, registered with the

8

United States Copyright Office as TX-6-064-654 (collectively referred to herein as the "Copyrights"). A true and accurate copy of the registration information for the Copyrights is attached hereto as Group Exhibit B.

44. Jimmy John's has given notice of its registration of the Copyrights by displaying with the Copyrights the appropriate symbol ©.

45. Jimmy John's is the owner of the Copyrights.

46. Consumers place orders for Jimmy John's by: (a) visiting a location and ordering in the store; or (b) calling or faxing their order to a location for pick-up by the consumer or delivery to the consumer.

47. The signature of the Jimmy John's brand is quick and uniform preparation of well-recognized sandwiches and quick delivery of the sandwiches and other Jimmy John's products to the consumer.

48. For delivery orders, Jimmy John's standard practice is that the food is prepared and delivered to the consumer's location within fifteen minutes of the order being placed by telephone or fax.

49. For in-store orders, Jimmy John's standard practice is for the sandwiches to be prepared in thirty seconds of the order's placement and for the consumer's order to be ready for consumption within a minute of the order being placed.

50. Jimmy John's places a heavy emphasis in its nationwide advertisement on its ability to quickly deliver its quality product according to its standards.

51. YNot is an online service that allows users to place orders for restaurants online for delivery by or pick-up at the respective restaurant. YNot lists Jimmy John's as one of the restaurants and places orders with Jimmy John's for consumers for

9

delivery by Jimmy John's or pick-up by consumers at Jimmy John's locations throughout the United States.

52. YNot places orders at Jimmy John's franchises located in, but not limited to, the following cities: Gainesville, Florida, Bloomington, Indiana, State College, Pennsylvania, Columbia, South Carolina, and Morgantown, West Virginia.

53. YNot lists menus for Jimmy John's locations in, but not limited to, the following cities: Gainesville, Florida, Bloomington, Indiana, Manhattan, Kansas, Ann Arbor, Michigan, Columbus, Ohio, State College, Pennsylvania, Columbia, South Carolina, Knoxville, Tennessee, and Morgantown, West Virginia.

54. On information and belief, YNot operates in numerous other cities in the United States.

55. YNot inaccurately represents to consumers that Jimmy John's menu features a sandwich named the "Sorry Charlie" on numerous Websites, including but not limited to: www.Sloopymenus.com, www.Dubvmenus.com, www.Chompmenus.com, Btownmenus.com, Lionmenus.com, and Cockymenus.com.

56. The trademark "Sorry Charlie" is owned by a third party that is not affiliated with Jimmy John's (the "Sorry Charlie Trademark").

57. Jimmy John's is not authorized to use the Sorry Charlie Trademark.

58. Franchisees of Jimmy John's are not authorized to use the Sorry Charlie Trademark.

59. Jimmy John's is negatively impacted by YNot's use of the Sorry Charlie Trademark on the Websites because YNot is representing to consumers that

Jimmy John's is the owner of, or otherwise authorized to use, the Sorry Charlie Trademark.

60.    On the Websites, YNot represents to consumers that there is a processing charge for each Jimmy John's order placed with YNot.

61.    Jimmy John's is negatively impacted by YNot's services because YNot increases both the delivery time and the delivery cost charged by the Jimmy John's franchises.

62.    YNot's representations to the public regarding Jimmy John's delivery time negatively affect Jimmy John's goodwill.

63.    YNot's representations to the public regarding the minimum fees for delivery negatively affect Jimmy John's goodwill.

64.    YNot's representations to the public regarding processing fees for the Jimmy John's franchises negatively affect Jimmy John's goodwill.

65.    Jimmy John's does not control the procedure by which YNot receives and transmits the Jimmy John's orders.

66.    Jimmy John's does not control the fees charged to consumers by YNot.

67.    On the Websites, YNot has duplicated the Jimmy John's Trademarks and Copyrights without permission or authorization from Jimmy John's. True and accurate copies of screen captures from the Websites are attached hereto as Group Exhibit C.

68.    YNot lacks any legitimate interest in the Trademarks or Copyrights.

69.    On information and belief, YNot profits from its use of the Trademarks and Copyrights by, *inter alia*: (1) charging a fee to the Jimmy John's franchises for

11

every Jimmy John's order placed on YNot; (2) charging a processing fee for consumers to use the YNot service; (3) misrepresenting to consumers the prices of Jimmy John's products; (4) drawing consumers to the Websites by offering its services relative to Jimmy John's products; and (5) passing off to consumers that YNot is related to or sponsored by Jimmy John's or that YNot has received Jimmy John's approval.

70.    The Jimmy John's franchise agreement (the "Franchise Agreement") prohibits Jimmy John's franchisees from contracting with third parties like YNot. A true and accurate copy of a Jimmy John's Franchise Agreement with the applicable provisions is attached hereto as Exhibit D.

71.    YNot has been advised by Jimmy John's counsel that individual franchisees do not have authority to enter into any agreements or understandings with third parties like YNot in connection with the distribution of orders from any Jimmy John's locations.

72.    On November 13, 2007, through counsel, Jimmy John's contacted YNot and demanded that it cease and desist its use of the Trademarks and Copyrights and taking orders for Jimmy John's franchises. A true and accurate copy of the November 13, 2007 correspondence addressed to YNot is attached hereto as Exhibit E.

73.    This demand was repeated on November 29, 2007. True and accurate copies of the November 29, 2007 correspondence addressed to YNot are attached hereto as Exhibit F.

74. YNot has refused and continues to refuse to immediately cease and desist its use of the Trademarks and Copyrights.

75. YNot has refused and continues to refuse to immediately cease and desist from taking orders from consumers on behalf of Jimmy John's franchisees.

76. YNot's use, infringement, and misappropriation of the Trademarks and Copyrights and its deceptive practices became willful on or about November 13, 2007, when it received notice from Jimmy John's counsel that it was infringing and misappropriating the Trademarks and Copyrights and engaging in deceptive practices, and it continues to be willful.

77. YNot's use of the Trademarks and Copyrights has caused and will continue to cause irreparable injury and damage to Jimmy John's unless and until enjoined by this Court.

78. YNot's deceptive practice of taking orders for Jimmy John's franchisees without permission from Jimmy John's has caused and will continue to cause irreparable injury and damage to Jimmy John's unless and until enjoined by this Court.

**COUNT I**
**TRADEMARK INFRINGEMENT BY YNOT**

79. Jimmy John's repeats and realleges paragraphs 1 through 78 of this Complaint as paragraph 79 of Count I of this Complaint as if fully set forth herein.

80. Jimmy John's is the owner of the Trademarks.

81. YNot is not authorized or licensed to use the Trademarks.

82. YNot's unauthorized use of the Trademarks is an infringement of Jimmy John's rights as the registrant and owner of the Trademarks.

13

83.    YNot's unauthorized use of the Trademarks has caused or is likely to cause
confusion, mistake or to otherwise deceive consumers of YNot's Websites and
customers of Jimmy John's and has caused and will continue to cause unjust
enrichment to YNot.

84.    YNot used the Trademarks with the intent to cause confusion, mistake or to
deceive users of its Websites and customers of Jimmy John's and has caused and
will continue to cause unjust enrichment to YNot.

85.    YNot has profited from its infringement of the Trademarks.

86.    By way of such action, YNot has violated the exclusive rights of Jimmy John's,
which conduct comprises trademark infringement under 15 U.S.C. § 1114. Such
conduct will continue unless and until enjoined by this Court.

## COUNT II
## UNFAIR COMPETITION BY YNOT

87.    Jimmy John's repeats and realleges paragraphs 1 through 86 of this Complaint as
paragraph 87 of Count II of this Complaint as if fully set forth herein.

88.    Jimmy John's is the owner of the Trademarks.

89.    YNot is not authorized or licensed to use the Trademarks.

90.    YNot's use of the Trademarks has caused, or will cause, confusion, mistake, or
deception as to the affiliation, connection, or association between YNot and
Jimmy John's.

91.    YNot's use of the Trademarks has caused, or will cause, consumer confusion,
mistake, or deception as to Jimmy John's sponsorship or approval of YNot and
YNot's services and commercial activities.

14

92.     YNot's use of the Trademarks has caused, or will cause, consumer confusion, mistake, or deception as to the origin or source of the Jimmy John's products delivered through YNot's service.

93.     YNot's use of the Sorry Charlie Trademark has caused, or will cause, consumer confusion, mistake, or deception as to the affiliation, connection, or association between YNot, Jimmy John's, and the owner of the Sorry Charlie Trademark.

94.     YNot used the Trademarks with the intent to cause confusion, mistake or to deceive users of its Websites and customers of Jimmy John's.

95.     YNot has been unjustly enriched by its unauthorized use of the Trademarks.

96.     YNot's actions have been and continue to be in complete willful and wanton disregard of the rights of Jimmy John's.

97.     YNot has profited from its unfair competition.

98.     By way of such action, YNot has violated the exclusive rights of Jimmy John's, which conduct comprises unfair competition, namely, among other things, false designation of origin under 15 U.S.C. § 1125. Such conduct will continue unless and until enjoined by this Court.

### COUNT III
### COPYRIGHT INFRINGEMENT BY YNOT

99.     Jimmy John's repeats and realleges paragraphs 1 through 98 of this Complaint as paragraph 99 of Count III of this Complaint as if fully set forth herein.

100.    Jimmy John's, as the owner of the Copyrights, has the exclusive rights to, *inter alia*, reproduce the Copyrights pursuant to 17 U.S.C. § 106.

101.    YNot had access to the Copyrights and its copying and reproduction of the Copyrights constitutes actual copying.

102. YNot's unauthorized reproduction, copying and use of the Copyrights constitutes copyright infringement pursuant to 17 U.S.C. § 501.

103. YNot's infringement of the Copyrights was willful.

104. YNot has profited from its infringement of the Copyrights.

105. YNot's infringement has caused and will continue to cause irreparable injury and damage to Jimmy John's unless and until enjoined by this Court.

## RELIEF REQUESTED

WHEREFORE, Jimmy John's prays for:

a.   A preliminary and permanent injunction enjoining YNot Advertising, LLC, its subsidiaries, and all others under its control or acting in concert with it from infringing, using or assisting any third party to infringe or use Jimmy John's Trademarks or any terms that are confusingly similar to Jimmy John's Trademarks alone or as part of any other name or mark to identify, advertise, promote, or describe any company or restaurant or any related service and direct YNot Advertising, LLC to file with the Court and serve on Jimmy John's within thirty (30) days after service of an injunction a written report under oath setting forth the manner and form in which it has complied with the injunction as provided by Section 34 of the Lanham Act;

b.   A preliminary and permanent injunction enjoining YNot Advertising, LLC, its subsidiaries, and all others under its control or acting in concert with it from infringing, using or assisting any third party to infringe or use Jimmy John's Copyrights;

c.   Judgment in favor of Jimmy John's Franchise, LLC and Jimmy John's Enterprises, LLC against YNot Advertising, LLC for infringement of the Trademarks;

d.   Judgment in favor of Jimmy John's Franchise, LLC and Jimmy John's Enterprises, LLC against YNot Advertising, LLC for unfair competition;

e.   Judgment in favor of Jimmy John's Franchise, LLC and Jimmy John's Enterprises, LLC against YNot Advertising, LLC for infringement of the Copyrights;

f.   Damages adequate to compensate Jimmy John's for YNot Advertising, LLC's actions, and an increase of said damages due to the willful and wanton nature of

YNot, Inc's conduct presently believed to be in excess of $100,000, all pursuant to 17 U.S.C. § 504;

g.    Court costs as provided by Section 35 of the Lanham Act;

h.    The amount of profits made by YNot Advertising, LLC, for its infringement of Jimmy John's Trademarks as provided by Section 35 of the Lanham Act;

i.    Damages in an amount sufficient to compensate Jimmy John's due to the wrongful acts of YNot Advertising, LLC in regard to YNot Advertising, LLC's infringement of the Trademarks as provided by Section 35 of the Lanham Act;

j.    An award of treble damages as provided by Section 35 of the Lanham Act;

k.    An award of attorneys' fees and costs as provided by Section 35 of the Lanham Act; and

l.    Such other relief as this Honorable Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Respectfully submitted,

**JIMMY JOHN'S ENTERPRISES, LLC, a Delaware limited liability company; and JIMMY JOHN'S FRANCHISE, LLC, a Delaware limited liability company,**

Dated: December 28, 2007

By: _s/ Dean J. Papadakis _____
        One of their attorneys

Dean J. Papadakis (#06225796)
Dean Gournis (#06229340)
Jared I. Rothkopf (#06290614)
KAPLAN PAPADAKIS & GOURNIS, P.C.
180 N. LaSalle Street, Suite 2108
Chicago, Illinois 60601
(312) 726-0531

17